Johnson, C. J. Thisis a motion interposed by Brownlee, the .ap-pellee, to affirm the decrée óf the court below. The appellants in response to the rule issued agáiñst them, to show cause why the motion should not prevail, allege, first, that ope- of the appellants is aft administratrix and not within the letter or spirit of the rule sought to be enforced^ and as to the others, the execution of the decree not having been suspended by recognizance, no injury can result to the appellee by the delay, inasmuch as he is at liberty to go on and enforce the decree in the court below, and that the reason of the statutary rule for affirming decrees, only applies in cases where execution of them is suspended by recognizance; and, secondly, because it appears on the face of the decree that it is not final or intended to be carried into execution until the result of the decision of this court in the matter of Thom’s distribution, could be known to the court below, and until then the final disposal of this case, was suspended in the court below. They also urge that the appeal was taken out of abundant caution, and that had they brought it up to this court, it would have been dismissed at their costs, for the reason that the cause had not been finally disposed of in the court below. The 143d section of chapter 116 of the Revised Statutes, provides that “upon the appeal being applied for according to the foregoing provisions, the court shall make an order allowing it, and such allowance thereof shall stay the execution in the following cases and no other: first, where the appellant shall be an executor or administrator, and the action is by or against him as such; second, where the appellant or some other person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the opposite party, in a penalty sufficient to secure whatever of debt, damages, and costs, have been recovered by such judgment, together with the interest that may accrue thereon, and the cost and damages that may be recovered in the Supreme Court upon the appeal, conditioned that the appellant will prosecute his appeal with due diligence to a decision in the Supreme Court, and that if the judgment appealed from is affirmed, or his appeal dismissed, he will pay whatever of debt, damages, and costs, have been recovered against him by the judgment of the Circuit Court, together with the interest that shall accrue thereon, or that he will otherwise perform the judgment of the Circuit Court, and that he will also pay the costs and damages that may be adjudged against him in the Supreme Court upon his appeal.” It is also declared by the 23d and 24th sections of chap. 117, of the Revised Code, that “all appeals which majr have been taken thirty days before the first day of the next term of the Supreme Court, shall be returnable to such term; and all appeals which may be taken less than thirty days before the first day of such next term, shall be returnable to the second term thereof, and that the appellant shall cause to be filed in the office of the clerk of the Supreme Court, at least ten days before the first day of such court, a transcript of the record and proceedings in such case, and if he fail to do so, and the appellee produce in court the certificate of the Clerk of the Circuit Court, that an appeal has been entered, and a recognizance given as required by law, the court shall affirm the judgment of the Circuit Court, unless good cause to the contrary be shown.” These are the only acts that bear directly upon the question before the court. The obvious reason of the law in requiring the appellant to file a transcript of the record and proceedings in the cause, in the office of the clerk of the Supreme Court, at least ten days before the first day of the term to which it is returnable, is, that the appellee may not be unnecessarily delayed in th,e collection of his debt in case that his judgment shall be affirmed by the Supreme Court. It is insisted here that inasmuch as no recognizance was executed by the appellants, the allowance of the appeal could not operate as a stay of execution only as to the ad-ministratrix, and that as the decree is not final, the act of taking the appeal was wholly nugatory, and that, therefore, it cannot stay execution even as to her. True it is, that the act speaks of a recognizance having been given as required by law, yet if it shall appear that the party who was successful in the court below, cannot have the benefit of his judgment, though the law shall dispense with the necessity of a recognizance, then he would come most clearly within the spirit and equity of the statute, and, consequently, would be entitled to the same relief. If the decree in this case is final, one of the appellants being an administratrix, it is clear that the appellee could not enforce it by execution. If it is stayed either by recognizance or by operation of law, as to one of the appellants, it is necessarily stayed as to all. It certainly never could have been the purpose of the Legislature to permit a party by' the simple act of taking an appeal to ■delay his adversary indefinitely, and wholly to deprive him of the benefit of his judgment; such would be the effect according to the doctrine contended for, in case the appellant should be an executor or administrator. The reason of the law being the same, whether execution is stayed by recognizance or by operation of the law itself, we think it clear that in either case the appellee is entitled to an af-firmance of the judgment or decree, if he shall present the matter before this court in the manner prescribed by the statute. But it is contended that the decree in this case is not final, and that, therefore, the appellee, under no state of case, can claim an affirmance of it. We have examined the decree rendered in the cause with great care, and have not been able to discover any thing still remaining for the final action of the Circuit Court. It is, so far as we have been able to discover, complete and conclusive upon the rights of all parties. It is true that in the concluding clause, it is said to be desirable that the decision of the Supreme Court in the matter of the distribution of the proceeds of the sales of certain property of Thomas Thorn, should be known before the final disposition of this cause. What effect any decision that might be made in that case could have upon the decree already pronounced here, so far from being expressed, it would be difficult even to conjecture. It is not stated that any matter or thing is left open or undetermined, to await the adjudication of the Supreme Court in the case referred to; nor is it fairly inferable from any expression, contained in the record of the Circuit Court. We consider the decree pronounced in the case full, final, and conclusive, upon all the rights involved in the suit; and that, therefore, an appeal would well lie from it to this court. We are, therefore, of opinion that, as the appellants have utterly failed to show any legal excuse for not filing in the office of the clerk of this court, a transcript of the record and proceedings in the cause within the time pre-eribed by law, that the decree herein rendered ought to be affirmed. Decree affirmed.